IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| THE IT GROUP, INC., et al., | : |
| | : Bankruptcy Case No. 02-10118 MFW |
| Debtors. | : |
| | : |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE IT GROUP, et al., on behalf of The Estate of The IT Group, Inc., et al., | : |
| | : Adversary No. 04-50080 |
| Plaintiff, | : |
| | : Civil Action No. 05-100 JJF |
| v. | : |
| ENVIROCRAFT CORPORATION, | : |
| Defendant. | : |

Eric Michael Sutty, Esquire, of THE BAYARD FIRM, Wilmington, Delaware.
Attorney for Plaintiffs.

Michael P. Morton, Esquire, of MICHAEL P. MORTON, P.A., Wilmington, Delaware.
Of Counsel: Edward L. Paul, Esquire, of SKLAR & PAUL, P.C., Vorrhees, New Jersey.
Attorneys for Defendant.

**MEMORANDUM OPINION**

April 21, 2005
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is the Motion To Withdraw The Reference As To The Adversary Proceeding (D.I. 1) filed by Defendant Envirocraft Corporation ("Envirocraft"). For the reasons discussed, Defendant's Motion will be granted.

## BACKGROUND

On January 16, 2002, the IT Group, Inc. and its affiliates filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

On January 6, 2004, the IT Group filed a complaint in the United States Bankruptcy Court for the District of Delaware ("the Bankruptcy Court proceeding") seeking to recover $175,746.83 paid to Envirocraft for services rendered.

The contract pursuant to which Envirocraft was paid is the subject of an adversary proceeding currently pending in the United States District Court for the District of Delaware ("the District Court action"), Envirocraft v. PPG Industries, Inc., Civil Action No. 03-455-JJF. Envirocraft alleges that PPG Industries, Inc. ("PPG") owns the property at which Envirocraft provided services to IT Corporation, an affiliate of Debtor IT Group. In the District Court action, Envirocraft alleges that it is presently due the sum of $335,486.52 in connection with a construction lien claim on PPG's property. On September 2, 2003, the Court entered an Order (D.I. 22-1) in the District Court action allowing PPG to join IT

Corporation as a third-party defendant. On September 30, 2004, IT Corporation amended its Answer in the District Court action to include challenges to Envirocraft's claim and the amounts alleged in the lawsuit, arguing that the amounts ought to be reduced as a result of the alleged preferential transfers.

Envirocraft filed the pending Motion To Withdraw The Reference As To The Adversary Proceeding (D.I. 1) in the Bankruptcy Proceeding on February 22, 2005.

**PARTIES' CONTENTIONS**

By its motion, Envirocraft contends that the Court should withdraw the reference of the Bankruptcy Court proceeding pursuant to 28 U.S.C. section 157(d) so as not to delay the parties or increase costs to them. Envirocraft further contends that withdrawal of the reference would permit this proceeding to be consolidated with the District Court action, resulting in the most efficient use of judicial resources.

Plaintiffs have not filed an opposition to Defendant's Motion To Withdraw the Reference.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1334(b), district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Pursuant to 28 U.S.C. § 157(a), each district court may refer cases under title 11 to the Bankruptcy Court for disposition.

Under Section 157(d), however, the referred proceeding can be withdrawn from the Bankruptcy Court and returned to the district court. Section 157(d) provides for both mandatory withdrawal and discretionary withdrawal. In this case, Defendant seeks withdrawal only under the standards for discretionary withdrawal.

In providing for discretionary withdrawal, Section 157(d) states: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The requirement that cause be shown "creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court, unless rebutted by a contravening policy.'" Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec., 106 B.R. 367, 371 (D. Del. 1989)(citations omitted).

The Court of Appeals for the Third Circuit has set forth five factors that a district court should consider in determining whether "cause" exists for discretionary withdrawal. These factors include: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) (adopting Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985)).

In this case, the Court finds that Defendant made the motion

to withdraw at an early stage of the Bankruptcy Court proceeding. Further, the Court finds that IT Corporation has alleged the same preferential transfers as a defense to payment to Envirocraft in the District Court action as it asserted in the preferential complaint filed in the Bankruptcy Court, and that the District Court action is at an early stage in its proceedings. Thus, the Court concludes that withdrawing the reference and consolidating the Bankruptcy Court proceeding with the District Court action would promote uniformity of bankruptcy administration and foster economical use of debtor/creditor resources. Further, the Court finds that the issue of forum shopping is not implicated in the circumstances of this case because the District Court action was filed more than one year before the Bankruptcy Court proceeding. For these reasons, the Court concludes that Envirocraft has shown cause to withdraw the reference from the Bankruptcy Court.

## CONCLUSION

For the reasons discussed, the Court will grant the Motion To Withdraw The Reference As To The Adversary Proceeding (D.I. 1) filed by Defendant Envirocraft Corporation.

An appropriate Order will be entered.